{¶ 97} Judge Cunningham's analysis is excellent. I write separately because I believe the inference in R.C. 2907.322(B)(3) is unconstitutional under Ashcroft.[64] It states that: "the trier of fact may infer that a person in the material or performance involved is a minor if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor."[65] This "looks like a duck and quacks" language might lead a court or a jury to find someone guilty without proof that an actual minor was involved. *Page 30 
 {¶ 98} But the actual prohibitions in R.C. 2907.322(A) make clear that the crime has to involve an actual minor. Under these circumstances, there is no constitutional problem. I would hold that R.C. 2907.322(B)(3) is unconstitutional, but severable from the remainder of the statute.
 {¶ 99} In this case, there was no resort to R.C. 2907.322(B)(3), so the convictions were proper. Therefore, with one reservation, I concur.
[64] Ashcroft v. Free Speech Coalition (2002), 535 U.S. 234, 255,122 S.Ct. 1389.
[65] R.C. 2907.322(B)(3). *Page 1